Dear Mr. Bubrig:
We are in receipt of your request for an opinion concerning the jurisdiction of the Plaquemines Parish District Attorney's Office on the federal enclave of Alvin Calendar Field. The request has been assigned to me for research and reply. The primary issue is whether the District Attorney of Plaquemine Parish has jurisdiction over crimes (1) committed within a financial institution located on Alvin Calendar Field (2) where the offender resides outside the federal enclave.
United States Code Annotated Title 18, Section 7 provides in part:
 "The term `special maritime and territorial jurisdiction of the United States'. . . . includes:
 Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building. 18 U.S.C.A. Section 7(3)"; (Emphasis added).
Exclusive federal jurisdiction exists where the United States files a notice of acceptance of jurisdiction with the state over lands acquired by the United States as required by 40 U.S.C.A. 255. Adams v. United States, 319 U.S. 312, 63 S.Ct. 1122,87 L.Ed. 1421 (1942); see also Opinion Number 85-725. As you are aware by your reference to Attorney General Opinions 78-551 and 89-48, this office has previously concluded that the Plaquemines Parish District Attorney's Office has no jurisdiction to investigate crimes or make arrests on Calender Field as it is under the exclusive jurisdiction of the Federal Government. In Opinion Number 78-551, the author stated:
 "With respect to Louisiana, Plaquemines Parish specifically, a 1962 Report published by the General Services Administration in conjunction with the U.S. Department of Justice entitled, `Inventory Report on Jurisdiction Status on All Federal Areas Within the State of Louisiana', lists not only Calendar Naval Field, but also WGEP Lighthouse at Head of Passes, as being under exclusive jurisdiction of the Federal Government. This report is utilized by the F.B.I.'s legal counsel, at the Bureau's Office in New Orleans, Louisiana, in determining the types of federal jurisdiction exercised over federal properties in the State of Louisiana. . . . the Federal Government exercises exclusive jurisdiction over [Calendar Naval Field]."
We find no authority contradicting the conclusions of the authors of the opinions cited herein. Further, we find no authority conferring concurrent jurisdiction on the district attorney where the offender resides outside the federal enclave, or where the offense occurs within a financial institution located within the federal enclave. The important consideration regarding territorial jurisdiction is that the crime is committed within the confines of federal property. An element of the prosecution's case is that the offense charged occurred within the federal enclave. States v. Bowers, 660 F.2d 527 (5th Cir. 1981).
We trust this interpretation is helpful. Should you require further information, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams 0065E